EDMUND S. HOLBROOK

*v.*

JOHN FORSYTHE *et al.*

*Filed at Ottawa October 14, 1884.*

1.  DESCRIPTION—*of land devised or conveyed—general description— as, all the lands owned by the testator or grantor in a particular county or State.* If one devises or conveys all lands belonging to him in a particular county or State, to another, not by a particular description of the lands, but generally,—as, "all the real estate and lands to the testator or grantor belonging, and being in the State of Illinois,"—the will or deed will pass to

the devisee or grantee all such lands as belong to the testator or grantor in such county or State at the time the will or conveyance shall take effect.

2. COLOR OF TITLE—*devise.* A devise of all lands belonging to the testator in the State of Illinois, by that general description, while it will pass to the devisee the title to all such lands lying in this State as belonged to the testator at the time of his death, yet it will not be given effect as to a particular tract claimed under the will, without proof that the testator owned the same at the time his will took effect; but such devise will not constitute color of title under the Limitation law, even though the testator may have had color of title.

3. SAME—*how acquired or passed.* A person having only color of title to lands in this State may transfer the same by a general devise of all lands owned or *claimed* by him in the State, or by a specific designation of the same in any appropriate way by which they may be identified. In like manner, if one having only color of title dies intestate, such color of title will descend to his heirs at law.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. EDMUND S. HOLBROOK, *pro se:*

The devise to Maurice Wakeman was not color of title, as it did not purport, on its face, to pass any land except such as belonged to the testator. Like a deed, it must purport on its face to convey the land claimed. *Shackleford* v. *Bailey,* 35 Ill. 392; *Bride* v. *Watt,* 23 id. 507; *Stearns* v. *Gittings,* 19 id. 385; 23 id. 387; *Dunlap* v. *Daugherty,* 20 id. 397; *Dickenson* v. *Breeden,* 30 id. 325; Sedgwick and Wait on Trials of Real Property, sec. 767, *et seq.*

How little chance for a devise of interest in general words, without any description of any land, will constitute color of title to a specific tract of land, see *Wood* v. *Bank,* 14 N. H. 101; *Bride* v. *Watt,* 23 Ill. 507; *Rigor* v. *Frye,* 62 id. 508; *Busch* v. *Hustin,* 75 id. 343.

Mr. W. C. GOUDY, for the appellees:

A general description of all the grantor's lands in a particular State, county or city, is good. *Prettyman* v. *Walston,* 34 Ill. 191; *Doty* v. *Wilder,* 15 id. 411; *Bird* v. *Bird,* 40

Maine, 403; *Harmon* v. *James,* 7 S. & M. 118; *Jackson* v. *De Lancey,* 11 Johns. 366.

As to what is good color of title, see *Hassel* v. *Ridgely,* 49 Ill. 197; *Holloway* v. *Clark,* 27 id. 423; *Payne* v. *Markle,* 89 id. 66; *Bride* v. *Watt,* 23 id. 507; *Waterhouse* v. *Martin,* Peck, (Tenn.) 409; *Callender* v. *Sherman,* 5 Ired. L. 711; *Henley* v. *Wilson,* 81 N. C. 405; *Wright* v. *Mateson,* 18 How. 56; *Bemal* v. *Gleim,* 33 Cal. 676; *McCall* v. *Neeley,* 3 Watts, 72; *Teabout* v. *Daniels,* 38 Iowa, 161; *McConnel* v. *Street,* 17 Ill. 253; *Brooks* v. *Bruyn,* 35 id. 394.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This case is now before us on the third appeal, and was once considered on a petition for a rehearing, so that if it is not by this time pretty well understood, it is not likely to be. A full statement of the facts will be found in 99 Ill. 312, being the report of the case when last before us. Since then the appellant has taken a new trial under the statute, and the trial court having reached the same conclusion from which the last appeal was taken, appellant again asks a reconsideration of the case in this court.

With one exception the facts are substantially the same as they appear in the report of the case above referred to. The defence now, as heretofore, is based upon the Limitation act of 1839. The trial court held that the defence was sufficiently made out, and consequently gave judgment for the defendants. On the present appeal we propose to discuss but a single question, namely, the sufficiency of the color of title as presented by the present record.

On the former trial, color of title was clearly shown by the introduction of the unrecorded deed from Egan to Wakeman, of the 7th of July, 1836, and connecting appellees with it by the introduction of Wakeman's deed of the 29th of June, 1869, to Thomas Lord, and the latter's conveyance of Janu-

ary 12, 1871, to Eliza Forsythe. On the last trial, however, after appellees had shown color of title in Wakeman, and connected themselves with it in the manner just stated, appellant, by way of rebuttal, showed that Maurice Wakeman, on the 26th of April, 1837, conveyed the premises to Ebenezer Dimon, Jr., whereby Wakeman was divested of his color of title. To meet this state of case, appellees then showed that Dimon, on the 1st of August, 1839, reconveyed the lands in question to Jessup Wakeman, who died in 1844, leaving a will, which was admitted to probate at Fairfield, Conn., on the 1st of June of that year, containing, among others, this provision : "I give and bequeath to my son, Maurice Wakeman, his heirs and assigns, all the *real estate and lands to me belonging* and being in the State of Illinois." Under this provision of the will it is contended by appellees that Maurice Wakeman became again invested with color of title to the lands in controversy, and that his subsequent payment of taxes under it, for the requisite number of years, made out a case under the statute.

If one wills or conveys to another all lands belonging to him in a particular county or State, the will or deed will clearly pass to the devisee or grantee the title of the former to all such lands as belonged to the testator or grantor in such county or State at the time the instrument of conveyance took effect. But it is contended by appellant, that where, in such cases, no particular lands are described, and the instrument can only be given effect by showing, as an extrinsic fact, that the grantor or testator actually owned the particular tract or tracts of land claimed to pass by it, a mere contingent or inchoate right not coming within the general description of *lands owned by or belonging to the testator or grantor*, will not pass by it. It must be conceded there is much force in this position. By the express terms of the devise to Wakeman it is limited to the "real estate and lands" *belonging to him* in the State of Illinois. It is conceded that the lands in

dispute did not at the time this will took effect, nor, indeed, at any other time, so far as the record shows, belong to the testator. The utmost that is claimed is, that he had color of title to it. If the will had given Wakeman all the lands which the testator claimed to own or had deeds for, or color of title to in the State of Illinois, these lands could clearly have been shown to come within the description. Or, if the lands devised had been specifically designated as in the government survey, or in any other appropriate way by which they could have been identified, it is clear enough any right connected with the lands, including color of title, would have passed by the devise. On the same principle, if one having color of title, only, to a particular tract of land, conveys it by a specific description, the color of title will pass by his deed. In like manner, if one having only color of title dies intestate, such color of title will descend to his heirs at law. All these cases are clear enough, and well understood. But the case in hand is unlike any of the ones suggested. Here, as already seen, the will does not specifically describe any lands, and to give it operation as to any particular tract in the State, as is sought to be done here, it must be shown, unless we depart altogether from the words of the instrument, that such particular tract *belonged* to the testator at the time of his death. The will clearly does not purport to give any other kind or description of lands, and it would certainly be extending judicial construction to its utmost limits to say this description includes a particular tract of land that is conceded to have never belonged to the testator. This we are not prepared to do.

After a careful consideration of the question, we are satisfied appellees failed to satisfactorily establish color of title in Wakeman, and that the defence consequently failed. Such being the case, the defence insisted upon can not prevail against any one who may have the paramount title.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.       *Judgment reversed.*

Mr. JUSTICE DICKEY: I concur in the views above expressed, but would prefer to rest the judgment upon another ground, in which I feel more confidence. I think when this case was here, and passed upon in the case reported in 99 Ill. 312, the decision was wrong. I think when a new trial is taken under the statute, it sets aside all previous proceedings on the former trial, and entitles each party to a hearing *de novo* on all questions of law as well as of fact which may arise, and that decisions made on or relating to such former trial are not *res judicata*. I think that opinion should be overruled and disregarded, and that the possession relied upon in this case as a basis of defence, under the statute of 1839, is not sufficient to sustain the defence.