(No. 35895.— ▮▮▮▮▮)
CHARLES CAGLE, Appellant, *vs.* ARNOLD VALTER *et al.,* Appellees.

*Opinion filed December 1, 1960.*

HERSHEY, J., took no part.

JNO. W. FRIBLEY, of Pana, and SWEENEY & SWEENEY, of Taylorville, for appellant.

HERSHEY & BLISS, of Taylorville, and ROY M. RHODES, of Springfield, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The plaintiff, Charles Cagle, commenced an action in the circuit court of Christian County to quiet title in him to a certain tract of river-bottom land of approximately 1.75 acres. Plaintiff claimed title to the tract by adverse possession; defendant Valter claimed to be the holder of valid oil-and-gas leases from the heirs of Robert E. Berry. Other defendants intervened claiming title either as heirs of Robert Berry or as devisees of Frank J. Schuessler. At the conclusion of the proofs the trial court dismissed the complaint and also defendants' counterclaims and intervening petitions. From this decree, only the plaintiff appealed. The case comes to us directly, a freehold being involved.

The land in question, hereinafter referred to as the "disputed tract," is a triangular 1.75-acre tract of river bottom located on the northeast corner of the south half of southeast quarter of section 8, Township 14 North, Range 3 West. It is cut off from the remainder of the said south half by a branch of the Sangamon River, and lies directly south of part of the north half owned by plaintiff.

The sole question presented on this appeal is whether the evidence adduced by plaintiff is sufficient to establish title in him by adverse possession. The testimony of the witnesses is, in the main, undisputed.

Plaintiff Cagle, age 87, testified that he acquired record title to the north 20 acres of the said southwest quarter in

1918. He lived on it from 1920 to 1927. Thereafter it was occupied from time to time by tenants of Cagle until 1931 when he deeded the north 20 acres to his brother Doss Cagle who occupied the land from 1931 to 1939. In 1939, Doss Cagle deeded the property back to plaintiff because he had paid nothing for it. Apparently plaintiff returned to the land about 1946, and lived on it at the time of trial. Plaintiff, a tenant Dietrich, and Tom Smith testified as to use of the disputed tract. From their testimony it appears that a fence separated the Smith tract on the east from the Cagle tract, and was rebuilt by Cagle about 18 years before trial. The cost of the fence was shared by Smith and Cagle, although it bordered both the Cagle tract and the disputed tract, clear to the river. There was no fence between the Cagle tract and the disputed tract, and there was testimony that Cagle "pastured clear to the river." Cagle also planted corn to the river. Dietrich also planted corn in the bottom land near the river for one year, about 1930. Cagle also testified that he cut sprouts on the bottom land practically every year. There was further testimony that practically everybody ran hounds and hunted on the disputed tract. Plaintiff had not farmed any of the land for at least four years. None of the witnesses knew where the south line of the Cagle tract separating it from the disputed tract was located.

As we noted before, the only question before us is whether the trial court was justified in finding that the proof was insufficient to establish title in plaintiff by virtue of adverse possession for a period of more than 20 years. Ill. Rev. Stat. 1959, chap. 83, par. 1.

The rules governing this question were well stated in *Schwartz* v. *Piper,* 4 Ill.2d 488, at 492-493:

"It is well settled that the adverse possession which is required to constitute a bar to the assertion of a legal title by the owner must include these five elements: it must be (1) hostile or adverse, (2) actual, (3) visible, notorious

and exclusive, (4) continuous, and (5) under claim of ownership. (*Zirngibl* v. *Calumet and Chicago Canal and Dock Co.* 157 Ill. 430; *Augustus* v. *Lydig,* 353 Ill. 215.) If the record does not establish all of those conditions plaintiff cannot prevail. (*Bugner* v. *Chicago Title and Trust Co.* 280 Ill. 620.) Furthermore, the doctrine of adverse possession is to be taken strictly. It cannot be made out by implication or inference. The presumptions are all in favor of the true owner, and the proof, in order to overcome such presumptions, must be strict, clear and unequivocal. *Horn* v. *Metzger,* 234 Ill. 240; *Town of Kaneville* v. *Meredith,* 351 Ill. 620."

These very rules were adhered to in *Hunsley* v. *Valter,* 12 Ill.2d 608, 613, cited by plaintiff.

We think that the record before us makes a *prima facie* case that plaintiff or some of his tenants were in posession of the disputed tract, and that such possession was adverse, actual, visible and notorious, and under a claim of right. A far more doubtful question is that regarding the continuity and exclusiveness of the possession. During the period 1931 to 1939, plaintiff's brother, Doss Cagle, held title to the 20-acre tract, and the record is bare of any substantial evidence that he either claimed or took possession of the disputed tract of bottom land. Plaintiff attempts to avoid this nine-year gap in adverse possession by his own testimony that he cut brush on the land every fall, or three, four, or five times, even when Doss was in possession. He also stated that he cut "sprouts" every year. However, he also stated that there was no brush on the bottom land.

It is apparent from the record that the disputed tract was practically valueless during most of the alleged period of possession. It was farmed only intermittently, and the evidence of its use as pasture is extremely vague. It is obvious that interest in this 1.75-acre tract increased only after the discovery of oil in the vicinity. While Cagle's possession was not disputed we think there is a total lack

of evidence that either Cagle or anyone privy to him asserted ownership to the disputed tract while Doss Cagle held title to and possession of the undisputed Cagle 20 acres. During the occupancy of several of plaintiff's tenants the evidence of adverse possession of the disputed tract adjoining the Cagle 20 acres is at best vague and speculative, rather than strict and unequivocal. (*Schwartz* v. *Piper*, 4 Ill.2d 488.) Moreover, the inconsistencies in the record before us leave many questions in doubt, which could best be determined by the trial judge, who heard the testimony of the witnesses. The vague testimony of cutting brush or sprouts does not appear to us to be such an act of dominion as to establish adverse possession. *Chicago and Northwestern Railway Co.* v. *Kennedy*, 334 Ill. 309; *Illinois Central Railroad Co.* v. *Hasenwinkle*, 232 Ill. 224; *McCloskey* v. *Hayden*, 169 Ill. 297.

We. therefore, determine that the trial court was correct in dismissing plaintiff's complaint. As no evidence was offered on the counterclaim and intervening petitions, they were also properly dismissed. The decree of the trial court must accordingly be affirmed.

*Decree affirmed.*

Mr. JUSTICE HERSHEY took no part in the consideration or decision of this case.