(No. 37528.—)

BERNARD BEARD et al., Appellees, vs. WILLIAM G. HENN, et al., Appellants.

*Opinion filed March 27, 1963.—Rehearing denied May 29, 1963.*

RAPHEAL E. YALDEN, of Rockford, for appellants.

CANFIELD, CANFIELD, FRANKS & LINDROTH, of Rockford, (ROBERT R. CANFIELD and HERBERT H. FRANKS, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This dispute concerns title to a strip of land 6 feet wide and 376 feet long in Loves Park in Winnebago County. The plaintiffs, claiming by right of twenty years' adverse possession under section 1 of the Limitations Act, (Ill. Rev. Stat. 1961, chap. 83, par. 1.) filed this action in ejectment. The defendants, claiming record title, denied the plaintiffs' claim of title by adverse possession, and counterclaimed on the basis of adverse possession with color of title and payment of taxes for seven years under section 6 of the Limitations Act. (Ill. Rev. Stat. 1961, chap. 83, par. 6.) The issues thus drawn were tried by the judge without a jury. From a judgment for the plaintiff Eliza Erbe, the defendants have appealed directly to this court. A freehold is involved.

The only issue presented is the sufficiency of the evidence to support the judgment. From the record it appears that the plaintiff Eliza Erbe and her husband, now deceased, purchased, as joint tenants, a tract of land on North Second Street in 1925 and built a house in which they lived until Mr. Erbe's death in 1961. Until 1950, they believed that their lot was 90 feet wide and was bounded on the north by a lot now occupied by a church. Actually, their deed described a lot only 84 feet wide, leaving a strip 6 feet wide between their property line and the southern boundary of the church lot.

During this period Mr. and Mrs. Erbe occupied the 6-foot strip as an integral part of their residential lot. Mr. Erbe fenced the boundary line between the strip and the

church lot not later than 1927, and placed a grape arbor, a concrete retainer for a flower bed, and lilac bushes in whole or in part on the disputed strip. He mowed and raked the strip as a part of his lawn, and generally maintained the strip.

In 1949 the defendants purchased the lot adjoining the Erbes' to the south, on the side opposite the disputed strip. By the time they appeared on the scene, the Erbes had already been in possession for more than 20 years. The evidence offered by the plaintiffs on this issue was substantially undisputed and was sufficient, if believed, to vest title in the Erbes not later than 1947. (Ill. Rev. Stat. 1961, chap. 83, par. 1.) A title so conferred is valid against the original owner and those who claim under him, and may be used as a sword as well as a shield, to support ejectment in favor of the adverse possessor. (*Kepley* v. *Scully,* 185 Ill. 52, 55; *Fagan* v. *Bach,* 253 Ill. 588; *McDuffee* v. *Sinnot,* 119 Ill. 449, 452; *Donahue* v. *Illinois Central R.R. Co.* 165 Ill. 640, 647.) The trial judge observed the witnesses' demeanor and was in a position to appraise their credibility. His finding that title was vested in the Erbes through 20 years' adverse possession is adequately supported by the record. *Cannella* v. *Doran,* 21 Ill.2d 514.

Once the plaintiffs' allegations were established, the burden shifted to defendants to sustain their affirmative defense. It appears from their testimony that they discovered the flaw in the Erbes' title to the 6-foot strip in 1950, as the result of a controversy with a third party concerning drainage of surface waters. They then purchased the record title by quitclaim deed from the successor of the last known holder of record. They learned that the strip had never been listed for tax purposes, and they had the land placed on the tax rolls and paid the real-estate taxes annually from 1950 through 1960.

These facts alone would not suffice to divest the Erbes of the title already acquired. The statute relied upon

by the defendants provides: "Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, who shall for seven successive years, continue in such possession, and shall also during said time pay all taxes legally assessed on such lands or tenements shall be held and adjudged to be the legal owner of said lands or tenements to the extent and according to the purport of his or her paper title." (Ill. Rev. Stat. 1961, chap. 83, par. 6.) Under the explicit terms of the statute and our decisions, the claimant must show actual and adverse possession of the lands for seven years, contemporaneously with his payment of taxes under color of title. *Belunski* v. *Oakes*, 6 Ill.2d 176; *Harlan* v. *Douthit*, 379 Ill. 15.

The defendants' evidence on the question of possession was inconclusive. The strip claimed was separated from the defendants' residence by the Erbes' lot, and was not susceptible of use in conjunction with defendants' home. There was evidence tending to show that the defendants repaired or replaced a portion of the fence between the strip and the church lot to the north and installed a length of additional fence at the rear of the strip, but none of this fencing separated the strip from the Erbes' tract or served to exclude them. Mere refencing by the record title holder, in any event, will not divest a title accrued through adverse possession. (*Gage* v. *Hampton*, 127 Ill. 87, 94-95.) The defendants went onto the 6-foot strip "sometimes twice a week, sometimes twice a year" according to their testimony. Their evidence showed that during the same period Mr. and Mrs. Erbe also entered the strip, although the defendants thought they did so with the defendants' permission. In 1961 the defendants removed certain bushes from the strip and leased it to the additional defendant, the Rockford Poster Advertising Co., for a sign board. The subsequent installation of a sign occasioned this action in ejectment.

To sustain their claim of seven years' adverse possession, the defendants were bound to show a possession that was hostile or adverse, actual, visible, open and notorious, exclusive, and continuous. (*Schwartz* v. *Piper,* 4 Ill.2d 488.) The burden of proof is demanding, and the evidence must be unequivocal. (*Cagle* v. *Valter,* 20 Ill.2d 589; *Clavey* v. *Bobzien,* 6 Ill.2d 549; *Walter* v. *Jones,* 15 Ill.2d 220.) Considering the evidence as a whole, it does not appear that the trial judge erred in failing to accept the defendants' view of the facts, or that he was bound to credit the defendants' testimony and to hold that they had discharged their burden of proof.

The defendants offered evidence of certain admissions by Mr. and Mrs. Erbe, and of their conduct, which appear to be inconsistent with their claim of ownership to the 6-foot strip. All the occurrences, however, took place after their title by adverse possession had matured. After the statutory period had run, title could not be divested by admissions or declarations contrary to interest. *Johnson* v. *Masterson,* 397 Ill. 168, 173.

The findings and judgment are fully supported by the evidence. The judgment is accordingly affirmed.

*Judgment affirmed.*