*In re* ESTATE OF JOHN P. TOBIN (Helen D. Willard, Petitioner, v. Robert E. Denny *et al.*, Respondents (Town and Country Bank of Springfield, as Administrator, *et al.*, Respondents-Appellees; James Dodge *et al.*, Respondents-Appellants)).

Fourth District   No. 4—86—0503

Opinion filed February 24, 1987.

Kepner, Giganti & Kepner, of Springfield (Daniel E. Kepner, of counsel), for appellants.

Long, Dvorak, Rabin & Young, Ltd., of Springfield, and Paul J. Bargiel, P.C., of Chicago, for appellee Jane Denny-Passerini.

Joseph S. Miller, of Springfield, for appellee Town and Country Bank of Springfield.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

Decedent, John P. Tobin, died on August 10, 1967. On September 1, 1967, a will dated July 19, 1967, was filed in the circuit court of Sangamon County. The will left decedent's entire estate to Robert E. Denny. On September 1, 1967, a petition for probate of will for letters of administration with will annexed was filed by Robert E. Denny seeking admission of the will to probate and issuance of letters of administration in petitioner's name.

Notice of the hearing on this petition was mailed to the heirs, legatees and devisees listed on the petition. Notice was not mailed to Helen D. Willard, a niece of decedent. Helen Willard was not listed as an heir in the original petition nor was she named as an heir in testimony concerning heirship held on October 19, 1967.

The will was admitted to probate on September 28, 1967. Robert E. Denny was appointed as administrator. The estate was settled and the administrator discharged on January 20, 1970.

On April 18, 1978, Helen D. Willard filed a petition to set aside the order admitting the will to probate, claiming she had not received statutory notice of the probate proceeding and alleging the will was forged. The petition to set aside was denied on December 6, 1983, after a series of proceedings.

On December 29, 1983, Helen Willard filed a motion to reopen the estate of John P. Tobin. On March 13, 1984, the court allowed the motion to reopen and Town and Country Bank was named as administrator. On February 27, 1985, an amended petition for probate of will and for letters testamentary was filed by Town and Country Bank listing heirs, legatees and devisees, all persons named in the original petition filed September 1, 1967, and adding the omitted heir Helen D. Willard. A notice of order probating will was served upon Helen D. Willard on February 26, 1985, and filed with the court on February 27, 1985.

On July 12, 1985, Helen D. Willard filed an objection to admission of will to probate and issuance of letters alleging the will to be a forgery. An amended objection was filed on August 1, 1985. Helen D. Willard named the following as respondents: Town and Country Bank as administrator, James Dodge, Mary Dodge Roberts, Charles Dodge,

Sister Mary Enid, OSB, Richard Dodge, William Dodge, Robert E. Denny, Mary Martinkus, Rose Green, John H. Denny, Joseph Denny, Frank D. Denny, Margaret Watkins, William W. Denny, Jane Denny-Passerini, Mark R. Denny, Daniel K. Denny, Luke Andrew Denny, Sean Denny, Sarah Denny, Jill A. Denny, and Amy Sue Denny; the last eight respondents being the heirs of Robert E. Denny. Notice was also sent to Jack Green, Tim Green, Rick Green, Becky Green, and Matt Green, heirs of Rose Green.

On December 13, 1985, Town and Country Bank of Springfield and Jane Denny-Passerini filed a joint motion to strike parties-defendant seeking to dismiss out all parties-defendant who received notice of the original petition but who failed to contest the proceedings within the requisite time period.

After taking the matter under advisement, the court, on May 30, 1986, entered a docket order granting the motion to strike parties-defendant. A copy of this order was served on all parties through their respective counsel.

Thereafter, counsel representing respondents-appellants, James Dodge, Charles Dodge, William Dodge, Richard Dodge, Mary Martinkus, Margaret Watkins, Rose Green, Sister Mary Enid, OSB, Joseph Denny, William W. Denny, John H. Denny, and Mary Dodge Roberts, filed a motion requesting the court to enter a final order and special findings pursuant to Supreme Court Rule 304 (103 Ill. 2d R. 304). This motion was filed on June 25, 1986. On June 27, 1986, an order was entered pursuant to that motion stating in pertinent part:

> "THIS CAUSE COMING ON for hearing on Respondents Town and Country Bank as Administrator of the Estate of John P. Tobin and Jane Denny Passerini's Motion to Strike Parties Defendant, the Court having considered the status of this cause, the applicable law and the arguments of counsel, finds that all Defendants except Town and Country Bank of Springfield as Administrator are barred from any intestate interest in the assets of the Estate of John P. Tobin, even if the Will of said John P. Tobin would be set aside; that said Defendants have no interest in this suit and are not proper parties thereto and that the Motion to Strike Parties Defendant should be allowed.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that all the Defendants in the above cause, except Town and Country Bank of Springfield as Administrator, be and they are hereby dismissed with prejudice and that said Defendants so dismissed recover nothing in this suit."

On July 25, 1986, respondents James Dodge, Charles Dodge, William Dodge, Richard Dodge, Mary Martinkus, Margaret Watkins, Rose Green, Sister Mary Enid, OSB, Joseph Denny, William W. Denny, John H. Denny, and Mary Dodge Roberts filed their notice of appeal with respect to the court order entered June 27, 1986, which dismissed them from the case.

The only issue properly before us on appeal is whether the trial court erred by granting the "Motion to Strike Parties Defendant." Stated another way, the issue in this case is whether heirs who did receive notice of probate proceedings and who failed to file a will contest are proper and necessary parties to a will contest proceeding brought by an heir who did not receive notice.

Section 8—1 of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1985, ch. 110½, par. 8—1) provides that in a contest of admission of will to probate "[t]he representative, if any, and all heirs and legatees of the testator must be made parties to the proceeding." Ill. Rev. Stat. 1985, ch. 110½, par. 8—1.

Section 64b of the Probate Act, which was in effect at the time of the administration of the estate in question, provided in pertinent part as follows:

"An order admitting the will to probate on an amended petition shall be effective as to the omitted or unnotified person as of the date of its entry, *but the official order admitting the will to probate shall be effective as to all other persons including creditors as of the date of its entry.*" (Emphasis added.) Ill. Rev. Stat. 1971, ch. 3, par. 64b.

In 1975 the Probate Act as amended was repealed and replaced by the Probate Act of 1975. Section 6—5 of the Probate Act of 1975, effective January 1, 1976, which replaced the above section, provided in pertinent part as follows:

"An order admitting the will to probate on an amended petition is effective as to the omitted or unnotified person as of the date of its entry, *but the original order admitting the will to probate is effective as to all other persons including creditors as of the date of its entry.*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 110½, par. 6—5(b).

Effective January 1, 1980, the above section 6—5 was replaced by section 6—11 of the Probate Act of 1975 and in renumbered form contained the following provision:

"The original order admitting or denying admission of the will to probate is effective as to the omitted or unnotified person as of the date the amended petition is filed and *it is effective as to*

*all other persons including creditors as of the date of its entry."* (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110½, par. 6—11(b).)

Thus, at all relevant times the applicable law relating to omitted heirs was essentially the same in this jurisdiction. Every provision as to omitted heirs provided that the original order is effective as of its date as to all persons other than the omitted heir but was effective as to the omitted heir only from either the date of the amended petition in the case of the most recent statute, or the date of the order admitting the will to probate on an amended petition in the case of the prior provisions.

Appellees interpret section 6—11(b) of the Act (Ill. Rev. Stat. 1983, ch. 110½, par. 6—11(b)) as barring a notified heir from being a party-defendant in a will contest suit if the time for that notified person to contest the will has already run. We disagree with this interpretation. We interpret the above-quoted language from section 6—11(b) of the Act (Ill. Rev. Stat. 1983, ch. 110½, par. 6—11(b)) to simply mean that the date of the original order controls the running of the time period within which notified heirs can challenge a will, whereas the date of the amended petition controls the running of this period for an unnotified or omitted person. In other words, although section 6—11(b) of the Act (Ill. Rev. Stat. 1983, ch. 110½, par. 6—11(b)) grants an omitted heir additional time to contest a will, no such additional time is allotted to a previously notified heir. However, we do not believe that the language of section 6—11(b) of the Act (Ill. Rev. Stat. 1983, ch. 110½, par. 6—11(b)) has any effect on the clear requirement of section 8—1(a) of the Act (Ill. Rev. Stat. 1983, ch. 110½, par. 8—1(a)) that all heirs of the testator must be made parties to a proceeding to contest the admission of a will to probate.

As the court stated in *Forys v. Bartnicki* (1982), 107 Ill. App. 3d 396, 399, 437 N.E.2d 706, 709:

"The statute governing will contests requires the joinder of all heirs of the decedent as parties to the proceeding (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(a)) and thus makes them necessary parties whose presence is required to enable the court to make a complete decree binding on all who may be interested in the subject matter of the litigation."

Noncontesting heirs are necessary parties to a will contest. As stated in *Bartnicki,* "[i]f one of two heirs successfully contests a will by a suit in which he names the other as defendant, they will share in the benefits as if both had been plaintiffs." 107 Ill. App. 3d 396, 399-400, 473 N.E.2d 706, 709.

■■ We fail to see how the absolute requirement of section 8—1 of the Act (Ill. Rev. Stat. 1983, ch. 110½, par. 8—1(a)) is altered in any way by the language of section 6—11(b) of the Act (Ill. Rev. Stat. 1983, ch. 110½, par. 6—11(b)), the purpose of which is to grant additional time for an omitted or unnotified heir to contest the admission of a will to probate. Consequently, we conclude that the trial court erred by striking as parties-defendants those heirs who received notice of the original petition but who failed to contest the proceedings within the requisite time period.

Appellees also argue that the instant appeal should have been dismissed because the notice of appeal was filed more than 30 days after the docket entry granting the motion to strike parties-defendants. Supreme Court Rule 303 (103 Ill. 2d R. 303) provides that a notice of appeal must normally be filed within 30 days after the entry of a final judgment. The docket entry dismissing parties-defendants was entered on May 30, 1986. On June 25, 1986, the dismissed parties filed a motion requesting the court to enter a final written order and a finding pursuant to Supreme Court Rule 304 (103 Ill. 2d R. 304). On June 27, 1986, a written order was filed by the trial court, which stated, in pertinent part:

"[A]ll Defendants except Town and Country Bank of Springfield as Administrator are barred from any intestate interest in the assets of the Estate of John P. Tobin, even if the Will of said John P. Tobin would be set aside, that said Defendants have no interest in this suit and are not proper parties thereto and that the Motion to Strike Parties Defendant should be allowed.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that all of the Defendants in the above cause, except Town and Country Bank of Springfield as Administrator, be and they are hereby dismissed with prejudice and that said Defendants so dismissed recover nothing in this suit."

Notice of appeal was filed on July 15, 1986.

■■ Supreme Court Rule 304(b)(1) (103 Ill. 2d R. 304(b)(1)) provides that a judgment or order entered in the administration of an estate which "finally determines a right or status of a party" is appealable without a special finding. The question then becomes whether or not the docket entry finally determined the right or status of the appellants. The docket entry simply stated that the motion to strike parties-defendants was granted. The subsequent written order stated not only that the parties were stricken, but that they were dismissed with prejudice and were barred from any intestate interest in the assets of

the estate. The written order constituted a significant modification of the original docket entry. For 30 days subsequent to the entry of a judgment or order or until notice of appeal is filed, the circuit court retains jurisdiction over a case. (*Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579.) During this period, the trial judge has the power to modify his judgment. That is precisely what occurred in the instant case. Under these circumstances, it appears that the written judgment order finally determined the rights and status of appellants. Consequently, we conclude that the notice of appeal, which was filed within 30 days of the written order, was timely filed.

For the reasons stated herein, the order of the circuit court striking parties-defendants is hereby reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GREEN and McCULLOUGH, JJ., concur.