JULIE PARRISH, Indiv. and as Guardian and next friend of Danielle Parrish, a Minor, Plaintiffs-Appellees, v. JAMES LEE *et al.*, Defendants-Appellants.

Third District   Nos. 3—87—0205, 3—87—0207, 3—87—0248 cons.

Opinion filed March 22, 1988.—Rehearing denied April 28, 1988.

444

HEIPLE, J., dissenting.

Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign (Todd M. Tennant, of counsel), for appellants Benjamin Robbins and Carle Clinic Association.

Bradford B. Ingram and David R. Sinn, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant James Lee.

Dean M. Davis, of Costigan & Wollrab, of Bloomington, for appellant St. Joseph Medical Center.

Edward Durree, of Strodel, Kingery & Durree, Associates, of Peoria (Steven Wakeman, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendants appeal on the pleadings the trial court's order of March 25, 1987, vacating an order in their favor dated February 23, 1987, which order effectively dismissed plaintiff's cause of action pursuant to an earlier order of dismissal entered on August 18, 1986.

On May 24, 1985, plaintiff Julie Parrish sued defendants for medical negligence in treating her daughter, Danielle Parrish. Defendants appeared and moved for a transfer of venue; however, Brokaw Hospital never appeared and there is no record that Brokaw was ever served. On April 8, 1986, the trial court transferred this case to McLean County.

Defendants moved to dismiss, alleging plaintiffs failed to pay the transfer costs. On August 18, 1986, the trial court granted defend-

ants' motions and dismissed the action.

On August 28, 1986, plaintiffs' attorney, Richard D. Price, Jr., filed a motion to vacate the dismissal order. On November 24, 1986, the trial court ordered defense counsel to submit an itemized list of expenses associated with the August 18 and November 24 hearings. Plaintiffs were to pay these related expenses within 21 days of their submission. The order further provided plaintiffs' motion to vacate was granted subject to plaintiffs' compliance with the subject order by making the payments provided for therein. The plaintiffs' failed to make such payments.

On January 29, 1987, defendants filed a motion to make the dismissal order final and appealable, or alternatively, to dismiss with prejudice since plaintiffs failed to comply with the November 24 order and prayed the trial court make the August 18 order final and appealable.

On February 23, 1987, the trial court found plaintiffs failed to meet the conditions of the November 24 order, vacated that order, and dismissed the case pursuant to the August 18 order. The trial court declared there was "no just reason to delay enforcement or appeal," consistent with Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a).)

On March 19, 1987, plaintiffs, having employed new and different attorneys, filed a motion to vacate the February 23 order of dismissal, with the affidavit of Julie Parrish attached thereto. A supplement to said motion was filed on March 23, 1987. On March 25, 1987, defendants filed a motion to strike the motion to vacate claiming the trial court lacked jurisdiction to reconsider its February 23 order. Plaintiffs' motion was allowed providing the November 24 order once again became viable, except plaintiffs were to satisfy the conditions therein within five days. Defendants' motion to strike was denied. On March 26, 1987, plaintiffs filed a letter indicating the expenses were paid pursuant to the March 25th order. On March 30, 1987, this case was docketed in McLean County. Thereafter, defendants filed their notices of appeal in Peoria County.

For purposes of brevity, since the particular parties or substantive claims affected by the Rule 304(a) finding are not relevant in this appeal, there is no need for further elaboration on factual matters in this opinion.

The question posed is does a timely filed motion to vacate the February 23 order of dismissal, which contained a Rule 304(a) finding, retain jurisdiction in the circuit court so as to permit said trial court to vacate the dismissal order of February 23, 1987? Rule 304(a), which

governs "Appeals from Final Judgments That Do Not Dispose of an Entire Proceeding," provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *The time for filing the notice of appeal shall run from the entry of the required finding.* In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.) (107 Ill. 2d R. 304(a)).

██ "Unless the circuit court order incorporates the [language of Rule 304(a)], no appeal is permissible, and the circuit court retains jurisdiction over the entire cause, including the power to revise any or all judgments *at any time prior to the entry of a judgment adjudicating all claims." (Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 416.) On the other hand, when a trial court makes a Rule 304(a) finding, it loses jurisdiction and the respective final judgment cannot be revised, then a post-trial motion directed against such a judgment would be of no effect. *Elg v. Whittington* (1986), 149 Ill. App. 3d 307, 500 N.E.2d 568, *aff'd* (1987), 119 Ill. 2d 344 (prospective application to cases filed on or after November 16, 1987).

In *Elg* the appellate court held that the rationale of Rule 304(a) is to provide an immediate appeal from an order final as to fewer than all of the claims or all of the parties, when the necessary finding is made. The court reasoned that to countenance a Rule 304(a) finding followed by a post-judgment motion would be to thwart the rule's purpose. The appellate court's holding was subsequently affirmed by the Illinois Supreme Court and held prospectively to all cases in which the notice of appeal was filed or due to be filed on or after its decision of November 16, 1987. *Elg v. Whittington* (1987), 119 Ill. 2d 344.

██ In the instant case, the trial court had divested itself of jurisdiction to rule on the plaintiff's March 19, 1987, motion for vacature of the February 23, 1987, dismissal order. The 30 days allowed for filing an appeal of the partial trial court order of February 23 were not

tolled by the subsequent motion to vacate. Furthermore, the plaintiffs failed to timely file an appeal in this court for review of the propriety of the dismissal order.

The order allowing the motion to vacate the February 23, 1987, order of dismissal is hereby vacated, and the defendants' motion to strike the aforesaid motion to vacate is hereby allowed. The trial court's order of February 23, 1987, is accordingly reinstated, and the plaintiffs' cause of action is dismissed pursuant to the August 18, 1987, order dismissing plaintiffs' cause of action.

This case is reversed and remanded for further proceedings consistent with this decision.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:
I disagree with the majority's opinion that the circuit court was without jurisdiction to rule on the plaintiff's timely filed motion to vacate because it had made a finding pursuant to Rule 304(a). For 30 days subsequent to the entry of a judgment or final order, or until notice of appeal is filed, the circuit court retains jurisdiction over a case. (*In re Estate of Tobin* (1987), 152 Ill. App. 3d 965, *appeal denied* (1987), 115 Ill. 2d 541.) During the 30-day period, a circuit court may, through its inherent authority (*Marshall Field & Co. v. Nyman* (1918), 285 Ill. 306) or upon motion (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1202, 2—1203), vacate that order. A court loses jurisdiction when 30 days pass without a post-trial motion being filed (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358), or when a notice of appeal is timely filed (*City of Chicago v. Myers* (1967), 37 Ill. 2d 470).

In the instant case, the circuit court entered a final order on February 23, 1987. Within 30 days, the plaintiff filed a motion to vacate the order. She never filed a notice of appeal. Thus, the circuit court retained jurisdiction to rule on her motion to vacate, and the ruling on the motion should stand.

That the circuit court also made a Rule 304(a) finding at the time it entered the final order did not somehow divest the court of jurisdiction to modify its judgment within 30 days. Rule 304(a) was adopted simply to provide an easy method for determining when judgments or final orders as to fewer than all the parties or claims are appealable. It was not intended to immediately divest the circuit court of jurisdiction, or otherwise change the law regarding final orders and judg-

ments. As the committee comments to Rule 304(a) provide:

"Paragraph (a) of this rule was adopted as Rule 304, effective January 1, 1967, to supplant former paragraph (2) of section 50 of the Civil Practice Act without change of substance but with some amplification. The supplanted statutory provision, originally adopted in 1955 (Laws 1955, p. 2238, §1) to provide an easy method for determining when certain orders were appealable ***, proved to be anything but easy. *** In moving the provision to the rules, the Committee revised the language slightly *** to emphasize the fact that it is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment appealable. This did not change the law." Ill. Ann. Stat., ch. 110A, par. 304(a), Committee Comments, at 157 (Smith-Hurd 1985).

See also *Duncan v. Irwin* (1971), 1 Ill. App. 3d 3 (citing the Committee Comments with approval).

Further, the majority's reliance on *Elg v. Whittington* (1986), 149 Ill. App. 3d 307, *aff'd* (1987), 119 Ill. 2d 344, as support for its holding that a Rule 304(a) finding immediately divests the circuit court of jurisdiction, is misplaced. The rule established in *Elg* has no application to the instant case. In *Elg*, the court entered a final order concerning fewer than all the parties or claims and made a Rule 304(a) finding on May 2, 1985. On May 24, 1985, the third-party complainants moved to vacate the order. The motion was denied on June 28, 1985. On July 24, 1985, the third-party complainants filed a notice of appeal as to the May 2, 1985, order.

On appeal, the third-party defendants asked the court to dismiss the appeal for the third-party complainants' failure to file notice of appeal within 30 days of the Rule 304(a) finding. The third-party complainants maintained the time for appeal was tolled by the filing of the post-trial motion. The appellate court dismissed the appeal, ruling that the filing of a post-trial motion does not toll the time for appeal under Rule 304(a). In *dicta*, the court indicated that it is doubtful whether a circuit court retains jurisdiction overt a post-trial motion in the face of a Rule 304(a) finding.

On appeal of the *Elg* decision to the Illinois Supreme Court, the higher court agreed with the appellate court's initial rationale for dismissing the appeal, that a strict reading of Rule 304(a) does not allow the filing of a post-trial motion to toll the time for appeal, and affirmed. It was silent as to whether or not a finding under Rule 304(a) divests the circuit court of jurisdiction.

The present case does not concern whether or not the plaintiff's

filing of a post-judgment motion tolled the time for filing a notice of appeal. The plaintiff *never exercised her right to appeal pursuant to the Rule 304(a) finding.* Rather, she chose to rely on her right to file a post-judgment motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203), which was granted. It is clear that had the plaintiff's post-judgment motion been denied, and had she then filed a notice of appeal, the appeal would have been untimely as established by *Elg*, but such is not the case. The majority's opinion succeeds in overturning the long-standing rule that a circuit court retains jurisdiction over a case for 30 days subsequent to the entry of a judgment or final order (*In re Estate of Tobin* (1987), 152 Ill. App. 3d 965, *appeal denied* (1987), 115 Ill. 2d 541, deprives the plaintiff of her right to file a post-judgment motion and alert the circuit court of possible errors (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203; see also *Elliott v. Willis* (1982), 92 Ill. 2d 530), and denies circuit courts the opportunity to review possible errors of a judgment or final order once a Rule 304(a) finding is made. Accordingly, I dissent.