118 Ill. App.3d 205 (1983)
454 N.E.2d 1083
MARY ALICE KNOBLOCH, Ex'r of the Estate of Neal E. Flake, Deceased, Plaintiff-Appellee,
v.
PEORIA AND PEKIN UNION RAILWAY COMPANY et al., Defendants  (Lisa M. Stambaugh, Intervening Appellant).
No. 3-83-0058.
Illinois Appellate Court  Third District.
Opinion filed September 19, 1983.
*206 Gary W. Becker, of Rerat Law Firm, of Minneapolis, Minnesota, and David B. Daley, of Sutkowski & Washkuhn, of Peoria, for appellant.
Rennick, Rennick & Rennick, of Toulon, and Bruce Becker, of Peoria, for appellee.
Reversed and remanded.
PRESIDING JUSTICE STOUDER delivered the opinion of the court:
On October 20, 1981, Neal E. Flake was crushed to death while performing a loading operation for his employer, the Peoria and Pekin Railway Company. At the time of his death, Flake was divorced. He had one child, Daniel, age 6, who lived with his ex-wife. Flake was then living with Lisa M. Stambaugh, the intervenor-appellant. At the time of Flake's death, Stambaugh was pregnant with his child. That child, Erica Flake, age 1, was born on June 7, 1982.
On January 22, 1982, Mary Alice Knobloch, Flake's sister and executrix of his estate, filed a wrongful death action as Flake's personal representative under the Federal Employers' Liability Act (hereinafter F.E.L.A.) (45 U.S.C. sec. 51 (1976)). The F.E.L.A. suit named Daniel Flake as the decedent's only next of kin and thus the sole beneficiary entitled to damages. On July 22, 1982, the probate court for Peoria County found Erica Flake to be the illegitimate daughter of Neal Flake. The pleadings in the F.E.L.A. action were subsequently amended to include Erica as Neal Flake's next of kin.
Lisa M. Stambaugh, as the mother and guardian of Erica Flake, sought to intervene in the F.E.L.A. claim. Her efforts were unsuccessful and she brought the instant appeal, alleging the trial court erred *207 in denying her petition to intervene. We agree.
 1, 2 The F.E.L.A. action is the exclusive remedy available to Neal Flake's survivors. (Chicago, Rock Island, & Pacific Ry. Co. v. Schendel (1926), 270 U.S. 611, 70 L.Ed. 757, 46 S.Ct. 420.) Because Flake was divorced at the time of his death, the only possible beneficiaries under the F.E.L.A. claim are Erica Flake and Daniel Flake. (45 U.S.C. sec. 51 (1976).) Their recovery is restricted to their pecuniary loss, which has been defined as follows:
"[T]he care, attention, instruction, training, advice and guidance which the evidence showed [the decedent] reasonably might have been expected to give his children during their minority, and to include the pecuniary value thereof in the damages assessed." Norfolk & Western Ry. Co. v. Holbrook (1915), 235 U.S. 625, 629, 59 L.Ed. 392, 393, 35 S.Ct. 143, 144.
The intervenor-appellant asserts that the claims for support of the two minor children of the decedent are different and in direct conflict with each other. She further asserts that the personal representative has a conflict of interest in pursuing the F.E.L.A. claim due to animosity between the representative and Erica Flake, the decedent's illegitimate daughter.
 3 From the facts contained in the record on appeal, it is apparent that a conflict of interests exists between the two Flake children regarding proof of their damages in the F.E.L.A. action. Neal Flake was living with Lisa Stambaugh at the time of his death. According to assertions made by Lisa Stambaugh, she and Neal Flake would have been married, had he lived. Erica would have lived with them following her birth on June 7, 1982, and would have received Neal Flake's direct care, attention, supervision, training and guidance. Daniel Flake, the decedent's son, was living with the decedent's ex-wife. Each child had a different mother and lived apart from the other. Because Neal Flake could not have lived in both households simultaneously, the amount of attention and care given to Daniel and Erica would have differed dramatically. Thus, the children's claims for their pecuniary losses resulting from their father's death are qualitatively different and in direct conflict.
This adversity of interests is relevant to the proof of pecuniary loss as well as to the apportionment of damages. Because this is so, Lisa Stambaugh, as the mother and guardian of Erica Flake, is entitled to intervene in the underlying F.E.L.A. claim and is not limited to intervention in ancillary proceedings for the distribution of the award between the beneficiaries. See Illinois Pattern Jury Instruction, Civil, No. 160.20 (2d ed. 1971).
*208 Conflicting evidence of ill will between Mary Knobloch, the decedent's personal representative for purposes of the F.E.L.A. claim, and Erica Flake, is contained in the record. An affidavit by Lisa Stambaugh asserts the personal representative has refused to treat Erica as a member of the Flake family and has demonstrated ill will toward the child. In response, the personal representative filed an affidavit asserting no ill will exists. Rather than resolving the question of whether ill will exists, as the personal representative urges on appeal, her affidavit, when read in concert with that of Lisa Stambaugh, merely underscores the conflict between the personal representative and the child of the intervenor-appellant.
We find the Federal authority of Smith v. Clark Sherwood Oil Field Contractors (5th Cir.1972), 457 F.2d 1339, cert. denied (1972), 409 U.S. 980, 34 L.Ed.2d 243, 93 S.Ct. 308, persuasive in the case at bar. Although Smith is a Jones Act case, that Act specifically incorporates the provisions of the F.E.L.A. and applies them to seamen and shippers. (46 U.S.C. sec. 688 (1976).) Thus, an interpretation of the Jones Act is applicable to a F.E.L.A. problem. Kernan v. American Dredging Co. (1958), 355 U.S. 426, 2 L.Ed.2d 382, 78 S.Ct. 394.
In Smith, the personal representative brought suit on behalf of the decedent's widow and her four legitimate children and on behalf of an illegitimate child. As with a F.E.L.A. action, a claim for damages under the Jones Act is available to an illegitimate child. Levy v. Louisiana (1968), 391 U.S. 68, 20 L.Ed.2d 436, 88 S.Ct. 1509.
The widow brought a petition for intervention, claiming that her interest and the interests of her four children were in conflict with those of the illegitimate child. The trial court denied the intervention petition but the Fifth Circuit Court of Appeals reversed and remanded the case, permitting the widow to intervene. The court found an inherent conflict of interest in proving pecuniary loss for two classes of children.
In discussing the Jones Act provision giving the personal representative the sole power to litigate, settle and compromise all claims, the court stated as follows:
"In the case at hand the conflicting nature of the beneficial interests prevented the personal representative from acting for the benefit of all the alleged beneficiaries and the result was that a fiduciary was charged with a duty that he could not effectively perform. Such an illogical result could not have been the intent of Congress.
Having concluded that Irene Smith [the widow] and her *209 four children are not adequately represented by Rodney Smith [the personal representative], it follows that she qualifies for intervention * * *." Smith v. Clark Sherwood Oil Field Contractors (5th Cir.1972), 457 F.2d 1339, 1345.
 4 The Smith court reviewed the manner in which pecuniary loss is determined, noting that the loss is based upon a reasonable prediction of how much financial support and personal guidance a particular beneficiary would have received had the decedent lived. Factors to be considered include the number of dependents in a family, the estimated income of the deceased, the probability of a child attending college, the amount of time the deceased would have spent with his children and the decedent's past history of contributions to his dependents. In applying those standards to the facts in Smith, the court determined that the personal representative could not adequately represent the interests of both the legitimate children and the illegitimate child. The court pointed out that the assertion of one beneficiary necessarily argued for a dimunition of recovery for another. Smith v. Clark Sherwood Oil Field Contractors (5th Cir.1972), 457 F.2d 1339, 1343-44.
The same reasoning applies in the case at bar. We reject the argument by the personal representative that the Smith case is not applicable because it related to the apportionment of damages in Louisiana litigation and Illinois juries apportion damages in F.E.L.A. claims only in ancillary proceedings. As we have earlier pointed out, the conflict between the beneficiaries arises when the pecuniary loss is being determined. Also, the settlement in Smith was discarded, with directions that the widow be allowed to participate in any future determination of loss.
 5 The fact that a question of paternity existed regarding the illegitimate child in Smith, while Erica Flake has been determined to be the child of Neal Flake in the present case, does not render the Smith case inapplicable. The conflict of interests in proving pecuniary loss still exists between the classes of children represented by Daniel and Erica Flake.
We suggest that the appointment of a disinterested third-party, such as a banking institution, as personal representative in a F.E.L.A. claim might be a way to avoid conflict in cases of this sort. However, we realize that such an appointment in the case at bar is untimely given the present status of the case.
 6, 7 The personal representative argues that the record on appeal is inadequate and that the denial of the petition to intervene is not a final, appealable order. The common law record filed on appeal *210 is adequate. The legal arguments presented by counsel on the question of intervention are contained in the record. Because arguments were made in chambers, no court reporter was present. The trial court's order denying the petition to intervene was previously found to be appealable by this court. We need not discuss the question further.
For the foregoing reasons, the order of the circuit court of Peoria County denying the petition of Lisa M. Stambaugh to intervene is reversed and this cause is remanded with directions that Ms. Stambaugh be allowed to intervene, as the mother and guardian of Erica Flake, in the underlying F.E.L.A. claim.
Reversed and remanded.
BARRY and SCOTT, JJ., concur.