MICHAEL W. JOHNSON, Adm'r of the Estate of Kathleen Ann Johnson, Deceased, Plaintiff-Appellee, v. THE VILLAGE OF LIBERTYVILLE *et al.*, Defendants-Appellees (Charles Castle *et al.*, Intervening Petitioners-Appellants).

Second District   No. 2—85—0857

Opinion filed December 24, 1986.

Paul W. Grauer and Margaret M. Basch, both of Paul W. Grauer & Associates, of Schaumburg, for appellants.

Barry L. Kroll, Gina A. Propp, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee Janice S. Holt.

Joshua G. Vincent, D. Kendall Griffith, Lynn D. Dowd, and H. Anne McKee, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Condell Memorial Hospital.

Linda E. Spring, of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellee Village of Libertyville.

JUSTICE WOODWARD delivered the opinion of the court:
This appeal is from the denial of a petition to intervene brought by Charles and Vivian Castle in a wrongful death and survival action stemming from the death of their daughter, Kathleen Ann Johnson. Kathleen was killed on October 11, 1983, when the car she was driving was struck by a police car owned by the village of Libertyville. Decedent's surviving spouse, Michael Johnson, was appointed administrator of her estate. In 1984, as decedent's personal representative, he filed suit pursuant to the Wrongful Death Act (Act) (Ill. Rev. Stat. 1983, ch. 70, par. 1 *et seq.*) and the survival statute (Ill. Rev. Stat. 1983, ch. 110½, par. 27—6), naming several parties defendants: the village of Libertyville; the driver of the police car, Sandra Pierce; the person being pursued by Officer Pierce, Janice Holt; and Condell Memorial Hospital, which had released Holt prior to the accident. The complaint did not include a count for loss of society by the Castles as parents of the decedent.
On September 17, 1985, the Castles (hereinafter petitioners) filed

a petition to intervene in the wrongful-death action. The petition was denied by the trial court on September 24, 1985. On September 30, 1985, petitioners filed a motion to reconsider. On October 1, 1985, prior to the hearing on their motion to reconsider, the petitioners obtained an order from the Cook County probate court appointing them special administrators in decedent's estate "for the purpose of representing their interests in any suit to recover for their losses by reason of their daughter's death including without limitation the case set forth in their motion." Petitioners' motion to reconsider was heard October 10, 1985, and their attempt to intervene as special administrators was denied. However, the trial court granted the plaintiff administrator Johnson leave to file a third amended complaint in which he included new counts seeking recovery for the loss of society by petitioners.

The petitioners raise two issues on appeal: (1) whether the parents of the decedent should be allowed to intervene as of right pursuant to section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408) and (2) whether the special status as special administrators entitles the parents to intervene pursuant to the provisions of the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 1 et seq.) and the directive of the probate court order appointing them special administrators.

■■ The wrongful-death statutory provisions provide the sole remedy for determining who may sue and under what conditions. (*Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 675; *In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 638.) The action is not one brought on behalf of an estate, nor is it a remedy for any injury to the decedent, but rather seeks to protect specific survivors and compensate them for the pecuniary loss they may have sustained by reason of the death of the injured person. *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 78; *In re Estate of Fields* (Mo. App. 1979), 588 S.W.2d 50, 53.

■■ Under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 2), an action shall be brought by and in the name of the personal representative of the decedent, and any damages recovered shall be for the surviving spouse and next of kin of the decedent. Here, Michael Johnson as surviving spouse was properly appointed the administrator of decedent's estate, and as such he is the decedent's personal representative for purposes of instituting this suit. (*Hayden v. Wheeler* (1965), 33 Ill. 2d 110.) Where there are no children of the decedent surviving (see *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 195), the parents of the decedent are considered to be the next of kin. Since decedent had no children,

the petitioners, as decedent's parents, are her next of kin within the meaning of this statute. (*Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 894.) It is recognized that parents, as next of kin of an adult child, sustain a legally cognizable pecuniary loss where that child sustains wrongful injury which results in death. (*Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107; *Prendergast v. Cox* (1984), 128 Ill. App. 3d 84.) This loss-of-society claim of the decedent's parents and any loss-of-consortium action by the surviving spouse do not exist separate and apart from an action under the Wrongful Death Act, but rather are elements for which damages may be recovered in such an action. (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 78; *Elliott v. Willis* (1980), 89 Ill. App. 3d 1144, 1147.) Neither does the Wrongful Death Act create an individual right in any beneficiary under the Act to bring suit; the action must be brought by and in the name of the deceased's personal representative. *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 194; *Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 535.

The petitioners here seek to intervene as of right under section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408). They allege that their interests are inadequately represented by the plaintiff, Michael Johnson, as the decedent's personal representative, and that they will be bound by the court's judgment in this case. (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(a)(2).) In addition, or alternatively, petitioners allege they are entitled to intervene, pursuant to section 2—408, because they would be adversely affected by a distribution of any award by the court in this matter. (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(a)(3).) The petitioners' allegation that their interests would be inadequately represented if they are not allowed to intervene is based upon the plaintiff's failure to include a count in his complaint, under the Wrongful Death Act, for their loss of society until after they had twice attempted to intervene. Further, petitioners argue that the plaintiff, as a party also entitled to recover under the Wrongful Death Act, is faced with a conflict of interest in pressing his claim, based upon his interest in maximizing his degree of dependency and loss of consortium while minimizing the claim of the petitioners for loss of society.

■ The plaintiff, as administrator and personal representative, stands in a fiduciary relation to the beneficiaries under the Wrongful Death Act, *i.e.*, himself and the decedent's parents. (See, *e.g.*, *Stoke v. Wheeler* (1945), 391 Ill. 429, 434.) As such, he is obligated to act in the utmost good faith to protect the beneficiaries' interests and must exercise at least that degree of skill and diligence that the rea-

sonably prudent man devotes to his like personal affairs. (*In re Estate of Mulvaney* (1984), 128 Ill. App. 3d 133; *Weiss v. Weiss* (1983), 113 Ill. App. 3d 793, 800; *In re Estate of Lucas* (1977), 48 Ill. App. 3d 1009.) Whether pressed by petitioners or not, the plaintiff has an obligation to pursue recovery for the next of kin and not solely for himself as the surviving spouse. Such a duty has not been met by the plaintiff where, as here, he has failed to bring, and then seemingly resisted bringing, a count for the loss of society by the petitioners as next of kin.

We believe the reasoning employed in certain probate cases is pertinent here. It has been held that the failure of an administrator to collect debts due an estate from a corporation in which he had an interest constituted a conflict of interest, and the administrator's objectivity was not restored by his mere surrender of the corporate office. (*In re Estate of Phillips* (1972), 3 Ill. App. 3d 1085, 1089.) Unsuitableness to administer may exist where an adverse interest of some kind of hostility to those immediately interested in the estate exists. (*In re Estate of Abell* (1946), 395 Ill. 337, 348; *In re Estate of Storer* (1971), 131 Ill. App. 2d 1049, 1053-54.) However, the mere fact that the administrator as surviving spouse had a personal interest in the outcome of this wrongful-death action is not so conflicting or an interest so adverse to that of the petitioners that both cannot be adequately represented by the plaintiff. See *In re Estate of Kuhn* (1967), 87 Ill. App. 2d 411.

The present petition to intervene was timely, and petitioners have a clear, direct interest in proving their loss and in establishing their relationship to their daughter. In regard to adequacy of representation, it has been held:

> "Adequacy of representation is a complex matter, not subject to hard and fast rules; rather, courts consider a variety of factors, including the extent to which the interests of the applicant and of existing parties converge or diverge, the commonality of legal and factual positions, the practical abilities of existing parties in terms of resources and expertise, and the vigor with which existing parties represent the applicant's interest." (*City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 145.

The defendant cites *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, for the propositions that the administrator has the sole right of action and control over this litigation and that the Wrongful Death Act doesn't create an individual right in a beneficiary to bring suit. However, the reasoning in *Rodgers* did not pre-

clude intervention, but only clearly expressed the policy that the Wrongful Death Act provisions sought to avoid multiple lawsuits by requiring that a single action be brought on behalf of all members of a class. The court in *Rodgers* stated, "[w]e need not decide, however, whether intervention is permissible because we find that the decedent's parents were not beneficiaries under the Act." *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 194.

Although not cited by petitioners, we find the case of *Knobloch v. Peoria & Pekin Union Ry. Co.* (1983), 118 Ill. App. 3d 205, to be instructive regarding the necessity of intervention when an adverse interest will not be adequately protected by the personal representative under the Wrongful Death Act. In *Knobloch*, decedent was killed on the job. He was divorced at the time and had one child, Daniel, by his ex-wife. Decedent's live-in girlfriend was pregnant at the time of his death and later gave birth to a girl, Erica. Decedent's sister, as his personal representative, filed a wrongful-death action under the Federal Employer's Liability Act (45 U.S.C. sec. 51 (1976)). In the complaint, only Daniel was named as the decedent's next of kin. A probate court subsequently found Erica to be the decedent's daughter, and the pleadings in the FELA action were amended to include Erica as next of kin. Erica's mother, as her guardian, sought to intervene in the FELA action asserting that the claims for support for Daniel and Erica were different and in direct conflict with one another. Further, she claimed decedent's sister had a conflict of interest because she did not like Erica.

The court held that the amount of attention and care given Daniel and Erica would have differed dramatically had decedent lived and that, therefore, the children's claims for their pecuniary loss stemming from the death of their father were qualitatively different and in conflict. (*Knobloch v. Peoria & Pekin Ry. Co.* (1983), 118 Ill. App. 3d 205, 207.) The court stated:

> "This adversity of interests is relevant to the *proof of pecuniary loss* as well as to the apportionment of damages. Because this is so, Lisa Stambaugh, as the mother and guardian of Erica Flake, is entitled to intervene in the underlying F.E.L.A. claim and is not limited to intervention in ancillary proceedings for the distribution of the award between the beneficiaries." (Emphasis added.) (*Knobloch v. Peoria & Pekin Ry. Co.* (1983), 118 Ill. App. 3d 205, 207.)

As in *Knobloch*, the current matter presents a conflict between the beneficial interests of the decedent's surviving spouse and the next of kin. Further, the conflict arises when the amount of pecuniary loss

is being determined, not simply in an ancillary proceeding to distribute the award. Despite defendant's contention that *Knobloch* is inapplicable because it involved a FELA action, in both FELA and wrongful-death proceedings, initially the fact finder awards damages, and, thereafter, independent of the initial proceedings, the damages are apportioned to the beneficiaries by the trial court.

Although the division of the award in a wrongful-death action is left to the trial judge's discretion to determine, based upon the degree of dependency of each of decedent's beneficiaries as previously discussed, it is still crucial that the petitioners be allowed to establish their unique losses prior to any award and at the same time make their showing of dependency based upon their evidence regarding loss of society. There is no provision in the wrongful-death statute that requires the court to hold a separate hearing to ascertain the damage sustained by each of the beneficiaries. As stated in *Knobloch*, adequate representation before the trial court is crucial for the distribution of any award is entrusted solely to the discretion of the trial court based upon its findings regarding dependency.

■ Under the facts presented here, we find that the potential conflict of interest between the surviving spouse as the plaintiff, who also represents other parties who also hope to establish the greatest possible degree of dependency and loss of society, presents special problems where the fiduciary acts or fails to act to adequately protect the interests of all the beneficiaries. Here, the mere inclusion of petitioners' claim for loss of society in plaintiff's third amended complaint, following two attempts by petitioners to intervene, does not serve to eradicate plaintiff's failure to act and serves to show the existence of a conflict of interest by the inadequate representation of petitioners' interest. It is manifest that the administrator in this case has not represented petitioners' claim with "vigor."

We concur in the suggestion of the court in *Knobloch*, when faced with a similar conflict, that the appointment of a disinterested third party as a personal representative to pursue the wrongful-death claims might be a means to avoid conflict in cases of this type. (See *Knobloch v. Peoria & Pekin Ry. Co.* (1983), 118 Ill. App. 3d 205, 209.) However, as in *Knobloch*, we find that such an action on our part would be inappropriate given the proceedings that have already taken place in the circuit court. This court is aware of the complications that may be involved where there are two plaintiffs in the lawsuit who have conflicting interests and who are represented by different attorneys.

■ We therefore hold that the petitioners "as special administra-

tors" have the right to intervene where, as here, it has been clearly shown that the administrator has acted in a manner indicating he would not adequately represent the interests of the next of kin as opposed to the interest of the surviving spouse. In so holding, we do not find that there is a conflict of interest simply because the heirs and the personal representative might have interests that conflict in the wrongful-death award. In other words, intervention is permitted here only because there is positive proof that the next of kin will not be adequately represented.

Further, it is understood that the attorney for the personal representative has the right to control the trial of the wrongful-death action and that the presence of intervenors as special administrators is limited to their presentation of only such supplementary evidence of the economic loss and dependency of the next of kin in the event the evidence presented by the personal representative is deemed inadequate. As previously noted, the surviving spouse and his attorney on the one hand, and the next of kin and their attorney on the other, will equally participate in any hearing before the trial court necessary to determine the division of the award for wrongful death in the event such an award is made in the wrongful-death case.

Owing to the result we reach on this issue, we find it unnecessary to address the significance of petitioners' status as special administrators.

Accordingly, the decision of the circuit court of Lake County is reversed, and this cause is remanded with directions that the petitioners be permitted to intervene for the limited purpose defined herein.

Reversed and remanded with directions.

NASH, P.J., and UNVERZAGT, J., concur.