PAMELA SZYMAKOWSKI, Guardian of the Estate of Steven John Szymakowski, a Minor, *et al.*, Intervening Plaintiffs-Appellants, v. VERBENA SZYMAKOWSKI, Adm'r of the Estate of Steven Szymakowski, Deceased, Plaintiff-Appellee (Martin Marketing Corporation, Defendant).

First District (4th Division)   Nos. 1—88—1496, 1—88—1659, 1—88—1660 cons.

Opinion filed June 22, 1989.

Robert Schey & Associates, of Chicago (Robert Schey and Earle S. Karno, of counsel), for appellants.

Robert W. Karr & Associates, Ltd., of Chicago (Robert W. Karr and John J. Dwyer, Jr., of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal arises out of the settlement of a wrongful death and survival actions. Intervening plaintiffs appeal the portion of the distribution order awarding fees to the attorneys for the administrator. No objection is raised regarding the amount of the settlement.

Steven Szymakowski died on December 25, 1986, as a result of injuries he sustained during a fire and explosion of a fuel storage tank. Steven was survived by his father Frank Szymakowski, his mother Verbena Szymakowski, and two minor children Steven John and Francis William. The children were both from previous marriages—Steven John by the marriage to Pamela Szymakowski, and Francis William by the marriage to Denise Szymakowski.

Shortly after Steven's death, the trial court appointed Frank to serve as special administrator of the decedent's estate. As special administrator, Frank filed a survival action and a wrongful death action against Martin Marketing Corporation, not a party to this appeal. After filing the complaint, Frank was appointed administrator of the estate and given letters of office under the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 1–1 et seq.). However, the trial court subsequently found Frank ineligible to serve as administrator. Verbena was then appointed successor administrator. Verbena, through her attorneys, Robert W. Karr & Associates, pursued the wrongful death and survival actions. Pamela and Denise, acting in their capacity as guardians of the estate of their minor children, were granted leave to intervene. As intervening plaintiffs in the wrongful death and survival actions, Pamela and Denise, and their attorneys, Robert Schey & Associates, were entitled to appear and be present during hearings, pretrials, and settlement negotiation conferences but were limited to the filing of pleadings only by leave of court.

After several months of negotiations, a settlement proposal was presented before the trial judge. Following a hearing, the trial judge entered a distribution order which provided for a structured settle-

ment for the minor children, the beneficiaries of the estate. The present cash value of the settlement was approximately $600,000. Pursuant to a one-third contingency fee agreement between Verbena, as administrator of the estate, and her attorneys, Karr & Associates, the trial judge also ordered the defendant in the wrongful death and survival actions to issue a check for $182,618 to Karr & Associates in attorney fees. An order was also entered finding that Robert Schey & Associates, the attorneys for Pamela and Denise, guardians of the estate of their minor children, had no lien upon the funds which were the subject of the distribution order. The distribution order was subsequently approved by a judge in the probate division.

On appeal, the intervening plaintiffs argue that Karr & Associates are not entitled to attorney fees because they breached their fiduciary duty to the minor children, the beneficiaries of the estate. Although they give a lengthy account of the events surrounding the opening of the estate and the pursuit of the wrongful death and survival actions, the intervening plaintiffs essentially argue that Karr & Associates breached their fiduciary duty to the minor children by asserting a recovery for Verbena and Frank, the parents of the decedent.

It is well established that an administrator of an estate stands in a fiduciary relationship to the beneficiaries under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, pars. 1, 2) and therefore is obligated to act in good faith to protect their interests. (*Johnson v. Village of Libertyville* (1986), 150 Ill. App. 3d 971, 974, 502 N.E.2d 474, 477.) Similarly, an attorney who represents an administrator stands in a fiduciary relationship to the beneficiaries. (*In re Estate of Halas* (1987), 159 Ill. App. 3d 818, 825, 512 N.E.2d 1276, 1280.) If an attorney acts in bad faith and against the interest of the beneficiaries of the estate, attorney fees may be denied. *Halas*, 159 Ill. App. 3d at 831, 512 N.E.2d at 1284.

In the instant case, Karr & Associates represented Verbena, the administrator of the estate. Verbena rightfully received letters of administration pursuant to section 9—3 (Ill. Rev. Stat. 1985, ch. 110½, par. 9—3). As administrator, Verbena had the sole right to pursue and control the wrongful death action. (*Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 482 N.E.2d 1080.) Any recovery in a wrongful death action is for the benefit of the surviving spouse and next of kin of the decedent. Ill. Rev. Stat. 1987, ch. 70, par. 2.

Both parties agree that the two minor children are considered "next of kin" and entitled to recover under the Wrongful Death Act.

During the course of litigation, Karr & Associates made several representations that Verbena and Frank, parents of the decedent, may also fall under the category of "next of kin," thereby entitling them to recover under the Wrongful Death Act. According to the intervening plaintiffs, these representations were made on at least three occasions: in an affidavit of heirship filed with the court on February 25, 1987, in oral argument before the court during the proceedings of March 6, 1987, and in oral argument before the court during the proceedings of April 1, 1987.

Intervening plaintiffs maintain that under *Maga v. Motorola, Inc.* (1987), 163 Ill. App. 3d 524, 516 N.E.2d 774, Frank and Verbena were not entitled to recover in the wrongful death action and therefore the efforts on the part of Verbena, as administrator, and Karr & Associates as her attorneys, to seek recovery constitutes a breach of fiduciary duty to the minor children, the beneficiaries of any recovery in the wrongful death action.

■ We disagree with intervening plaintiffs' contention that asserting recovery for the parents in the instant case constituted a breach of fiduciary duty. In *Maga*, the decedent was survived by a wife, parents, and siblings. On appeal, the court considered the certified question of " '[w]hether the term "next of kin" as used in section 2 of the Wrongful Death Act means the persons nearest of kindred to the decedent, that is, those who are most nearly related to him by blood, or, whether said term means only those who are entitled to take under statutory distribution of intestate's estate.' " (*Maga*, 163 Ill. App. 3d at 526, 516 N.E.2d 775.) In determining that only the wife could recover, the court in *Maga* held that only those persons entitled to share in decedent's intestate estate under the Probate Act qualify as beneficiaries under the Wrongful Death Act.

Under *Maga*, Frank and Verbena clearly are not entitled to recover under the Wrongful Death Act. However, *Maga* was decided in November 1987. By letter dated July 16, 1987, an attorney for Verbena informed the attorneys for the guardians that the parents were making no claims for compensation. Thus, Karr & Associates abandoned any claim for recovery for Frank and Verbena before *Maga* was decided.

At the time the claims for compensation were considered, there was a question as to whether the term "next of kin" in the wrongful death statute equated with the provisions in the Probate Act concerning intestate distribution. In *Johnson v. Village of Libertyville* (1986), 150 Ill. App. 3d 971, 502 N.E.2d 474, decedent was survived by his wife and parents but no children. In allowing recovery under

the Wrongful Death Act for both the spouse and the parents, this court departed from the traditional interpretation that only those entitled to take under the intestate distribution scheme could recover in a wrongful death action. The same departure was undertaken in *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906. While we recognize the obvious weakness in asserting recovery for Frank and Verbena when the decedent is survived by children, we believe that asserting such a position was a reasonable extension of the departure undertaken in *Johnson* and *Rusher*.

Furthermore, the mere fact that an administrator may have a personal interest in the outcome of a wrongful death action is not by itself so conflicting or so adverse to the interest of the other beneficiaries that both interests cannot be protected by the administrator. (*Johnson*, 150 Ill. App. 3d at 975, 502 N.E.2d at 477.) Intervening plaintiffs, who make no objections to the $600,000 settlement, fail to indicate how these representations adversely affected the interest of the beneficiaries. (See *Halas*, 159 Ill. App. 3d at 831, 512 N.E.2d at 1284.) Thus, we find no merit to the intervening plaintiffs' contention that the representations concerning a recovery for Frank and Verbena made by Karr & Associates but abandoned prior to *Maga* constitute a breach of fiduciary duty.

■ Intervening plaintiffs argue that even if entitled to attorney fees, Karr & Associates are not entitled to take their one-third fees from the up-front cash available under the settlement agreement. Intervening plaintiffs maintain that the terms of the agreement for legal services were never disclosed to the beneficiaries of the estate and the agreement between Verbena and Karr & Associates failed to indicate that the one-third fee would be taken from the up-front cash available under the structured settlement agreement. Intervening plaintiffs conclude that these omissions violated the requirements of Rule 2–106 of the Illinois Code of Professional Responsibility (107 Ill. 2d R. 2–106), which deals with the obligation of attorneys to disclose their terms of representation. Karr & Associates owed this obligation to Verbena, the administrator. There is no argument made concerning any lack of understanding or knowledge on the part of Verbena regarding the terms of their representation. Therefore, we reject intervening plaintiffs' contention that Karr & Associates are not entitled to their fees.

Finally, intervening plaintiffs, or rather their attorneys, argue that they are entitled to attorney fees from the wrongful death recovery because they are the ones who really represented the interest of the beneficiaries. We fail to find any merit to this novel argument

advanced without any citation to authority.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.