ARNETT GREER, Adm'r of the Estate of Henry Greer, Deceased, Plaintiff-Appellee, v. YELLOW CAB COMPANY *et al.*, Defendants (Kimberly Hatley *et al.*, Minors, by Their Mother and Next Friend, Jo Anne Hatley, Intervening Petitioners-Appellants).

First District (5th Division)   No. 1—89—1548

Opinion filed November 8, 1991.

Heller & Richmond, Ltd., of Chicago (Jay A. Heller and Bruce A. Slivnick, of counsel), for appellants.

Corboy & Demetrio, P.C., of Chicago (Philip Hartnett Corboy, Jr., of counsel), for appellee.

JUSTICE GORDON delivered the opinion of the court:

Petitioners, Kimberly Hatley and Kevin Hatley, by their mother and next friend, Jo Anne Hatley (Hatley), appeal from a trial court order denying their petition to intervene in a wrongful death action filed by plaintiff Arnett Greer (decedent's adult child), administrator of the estate of Henry Greer, decedent, against defendants, Yellow Cab Company and its driver Ronald Bracey.

The trial court denied the petition to intervene, noting that Hatley, who had lived with decedent for seven years just prior to his death, and who had two children (the petitioners here) with decedent, had not yet proved paternity of the children. The court entered an order pursuant to Illinois Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Petitioner filed a motion for reconsideration, which the court refused to hear, stating that once a trial court enters a Rule 304(a) finding, it loses jurisdiction to hear any further motions in the case.

On appeal, petitioners contend that the trial court erred in denying their petition to intervene as a matter of right (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(a)), or their alternative request for permissive intervention (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(b)), and that the trial court erred in ruling that it lacked jurisdiction to hear the motion for reconsideration.

We conclude that while the trial court erred in its belief that a Rule 304(a) finding divested the court of jurisdiction, the appeal must be dismissed because the requisite Rule 304(a) language was not included in the trial court order.

On March 10, 1988, the decedent died intestate in Chicago when he was struck by a cab owned by defendant Yellow Cab and being driven by Bracey. At the time of his death, decedent had been living with Hatley for seven years. Kimberly was eight years old, and Kevin was two years old. Decedent had six other children from other relationships or marriages, including Brian Taylor, a minor; Henry Wilburn, a minor; Arnett Greer, Cassandra Greer, Katrina Greer and Freddie Pittman, all of whom are adults.

On April 4, 1988, the circuit court granted Hatley's petition to appoint her as special administrator of decedent's estate. On the same day, Hatley filed a wrongful death action against defendants Yellow Cab and Bracey. (*Hatley v. Yellow Cab*, No. 88 L 6104.) On April 29,

1988, the circuit court granted Brian Taylor's petition to intervene in No. 88 L 6104.

On July 12, 1988, the court entered an *ex parte* order dismissing Hatley as administrator. (On September 14, 1988, this order was vacated, and a new order dismissing Hatley was entered.)

On August 4, 1988, plaintiff Arnett Greer petitioned the circuit court seeking an appointment as administrator of decedent's estate. Her petition was granted. Plaintiff also filed an order of heirship which listed petitioners as heirs of decedent.

On September 2, 1988, plaintiff filed a wrongful death action against defendants. *Greer v. Yellow Cab*, No. 88 L 16139.

On September 14, 1988, plaintiff filed a motion seeking to vacate the order appointing Hatley as special administrator of decedent's estate. Hatley then filed a motion seeking to vacate plaintiff's appointment as administrator or, in the alternative, seeking the right to intervene in plaintiff's lawsuit.

On September 14, 1988, the probate division of the circuit court granted plaintiff's motion to vacate Hatley's appointment as special administrator and denied Hatley's request to vacate plaintiff's motion as special administrator. On September 28, 1988, Hatley's petition to intervene was transferred back to the law division.

In an *ex parte* order, on December 20, 1988, the court granted plaintiff's motion to dismiss Hatley's wrongful death action (No. 88 L 6104) and denied Hatley's petition to intervene in plaintiff's wrongful death action (No. 88 L 16139). On December 22, 1988, the court vacated the December 20, 1988, order.

On May 3, 1989, petitioners filed a petition to intervene as of right or, alternatively, for permissive intervention, in case No. 88 L 16139. Attached to the petition was an affidavit from Hatley stating she believes there is ill will between petitioners, herself and plaintiff. The petition alleges that on May 23, 1988, plaintiff's former counsel, an attorney in Missouri, contacted Hatley's attorney and stated that he was willing to allow Hatley to remain administrator if she would guarantee that the Greer children would receive 50% of the judgment recovered in the wrongful death action. The petition alleges further that plaintiff, unlike petitioners, "had little or no contact with the decedent during the last few years before his death." Thus the "claims of these heirs [petitioners] are qualitatively different and in direct conflict." Petitioners asked that they be permitted to participate in the wrongful death action; that they receive notice of any proceedings in the action; and that no settlement be entered into or release be executed without their approval.

On May 15, 1989, the court denied the petition to intervene on the basis that Hatley had not proved paternity of petitioners. Petitioners asked the court for necessary findings pursuant to Illinois Supreme Court Rule 304(a). The court agreed to grant the request, and the order reads: "[T]his order is final and appealable pursuant to Supreme Court Rule 304(a)."

On May 17, 1989, petitioners filed a motion for reconsideration, attaching a February 10, 1986, and an August 4, 1988, order of the circuit court establishing the paternity and heirship of Kevin and Kimberly, respectively.

On May 23, 1989, the court stated that it could not hear the motion for reconsideration, finding that the inclusion of the Rule 304(a) language in the May 15, 1989, order divested the trial court of jurisdiction. At a second hearing on this motion on June 5, 1989, the court made the same ruling.

On June 8, 1989, petitioners filed a notice of appeal from the May 15, May 23, and June 5, 1989, orders. On June 23, 1989, the trial court denied petitioners' motion to stay proceedings. On July 19, 1989, this court granted petitioners' motion for stay pending appeal. That stay remains in effect.

OPINION

█ The refusal of the trial court, on jurisdictional grounds, to entertain petitioners' motion for reconsideration misconstrues the jurisdictional consequences of a Rule 304(a) finding.

The previous version of Rule 304(a) provided: "The time for filing the notice of appeal shall run from the entry of the required finding." 107 Ill. 2d R. 304(a).

The amended version of Rule 304(a) in effect at the time of the May 15, 1989, order permitted the trial court to consider a motion for reconsideration even after it made a proper Rule 304(a) finding. (134 Ill. 2d R. 304(a) (effective January 1, 1989).) The rule states:

> "Judgments as to Fewer Than All Parties or Claims—Necessity for Special Finding. *** [A]n appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** *The time for filing a notice of appeal shall be as provided in Rule 303.* In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment." (Emphasis added.) 134 Ill. 2d R. 304(a).

Rule 303 provides that notice of appeal is due within 30 days of the "order disposing of the last pending post-trial motion." (134 Ill. 2d R. 303(a)(1).) The committee comments to the new Rule 304(a) state that the rule was amended in response to the holding in *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232. The committee comments to the amended Rule 304(a) read:

"Rule 304(a) was amended in 1988 to cure the defect that compelled the Supreme Court, in *Elg v. Whittington* (1987), 119 Ill. 2d 344, to hold that the filing of post-trial motions in the trial court do not toll the time for filing a notice of appeal under Rule 304, as it does under Rule 303. This amendment clarifies Rule 304 and makes it clear that the time for filing a notice of appeal under Rule 304 is governed by the provisions of Rule 303 and that the date on which the trial court enters its written finding that there is no just reason for delaying enforcement or appeal shall be treated as the date of the entry of final judgment for purposes of calculating when the notice of appeal must be filed. It should be noted that the filing of post-trial motions in cases appealed under Rule 304 will have the same effect as spelled out in Rule 303." Ill. Ann. Stat., ch. 110A, par. 304, Committee Comments, at 21 (Smith-Hurd 1991 Supp.).

See generally Dienstag, *The Short, Troubled Life of Elg v. Whittington: Amended Supreme Court Rule 304(a)*, 77 Ill. Bar J. 420 (April 1989).

The trial court therefore erred in its belief that upon entry of a proper Rule 304(a) finding it would be divested of its jurisdiction to hear the motion for reconsideration. Under the amended version of Rule 304(a), such divestiture would clearly not occur. See *Kotalik v. Jensen* (1990), 201 Ill. App. 3d 838, 841, 559 N.E.2d 251 (appeal dismissed for lack of jurisdiction where notice of appeal not timely filed because it was filed *before* entry of order disposing of last pending post-trial motion; court relied on amended Rule 304(a) and supreme court opinion in *Elg*); *Dowling v. Otis Elevator Co.* (1989), 192 Ill. App. 3d 1064, 1069, 549 N.E.2d 866.

Moreover, a strong argument can be made that even before Rule 304(a) was amended, the trial court would have retained jurisdiction because petitioners did not attempt to use the rule to toll the 30-day period for filing a notice of appeal. Petitioners filed both the May 17, 1989, motion for reconsideration and the June 8, 1989, notice of appeal within the 30 days following the court's May 15, 1989, order denying the petition to intervene. Thus, they do not argue that the 30-

day period under the amended Rule 304(a) needed to be tolled in order to file a timely notice of appeal, but instead argue only that the trial court retained jurisdiction to hear a post-judgment motion after entering its final order containing the Rule 304(a) findings.

Petitioners rely on the pre-amendment cases of *Parrish v. Lee* (3d Dist. 1988), 167 Ill. App. 3d 443, 521 N.E.2d 1188 (with one justice dissenting), and the appellate court opinion in *Elg v. Whittington* (4th Dist. 1986), 149 Ill. App. 3d 307, 311-12, 500 N.E.2d 568 (with one justice dissenting). The appellate court in *Elg* held that post-trial motions filed in appeals based on Rule 304(a) findings do not toll the time for filing the appeal, and stated in *dicta* that the Rule 304(a) finding divests the court of jurisdiction. This *dicta* was followed in *Parrish v. Lee*, where the court, relying on the appellate court opinion in *Elg*, held that the trial court lacks jurisdiction to consider any motions in a case once a Rule 304(a) finding has been made.

This position, however, has not been upheld in several other pre-amendment cases where the court has restricted the holding in *Elg* to the issue of tolling, and has not extended the holding to the jurisdictional question. See, *e.g.*, *Lake County Trust Co. v. Two Bar B, Inc.* (1st Dist., 3d Div., 1989), 182 Ill. App. 3d 186, 537 N.E.2d 1015 (rejecting *Parrish*); *Battisfore v. Moraites* (2d Dist. 1989), 186 Ill. App. 3d 180, 541 N.E.2d 1376 (Rule 304(a) finding does not divest court of jurisdiction; rejecting *Parrish*); *Cain v. Sukkar* (4th Dist. 1988), 167 Ill. App. 3d 941, 521 N.E.2d 1292 (same). See also *Elg v. Whittington*, 119 Ill. 2d at 366 n.1, 518 N.E.2d at 1242 n.1 (Simon, J., dissenting) (criticizing the *dicta* in the appellate court opinion in *Elg*, and reasoning that the filing of a timely notice of appeal under Rule 304(a) does not divest a trial court of jurisdiction). See also *Beck v. Stepp* (1991), 144 Ill. 2d 232, 239 ("Assuming, without deciding, that under the law in effect at the time of the [pre-Rule 304(a) amendment] proceedings the trial court would have possessed jurisdiction to grant post-judgment relief in these circumstances, we consider here whether plaintiff filed a proper post-judgment motion"), citing *Cain v. Sukkar* (1988), 167 Ill. App. 3d 941, 521 N.E.2d 1292 (rejecting *Parrish*).

However, regardless of the posture of the law prior to the amendment of Rule 304(a), there is no question that under the 1989 amendment, jurisdiction exists to consider post-judgment motions even after a Rule 304(a) finding has been entered. See *Kotalik v. Jensen*, 201 Ill. App. 3d at 841.

Accordingly, the trial court here was incorrect to rely on *Parrish* and to refuse to consider the motion for reconsideration on its merits.

Whether to grant a motion for reconsideration lies within the discretion of the trial court. (*Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424; *Freeman v. Augustine's Inc.* (1977), 46 Ill. App. 3d 230, 236, 360 N.E.2d 1245.) Its decision will not be reversed absent an abuse of that discretion. (*Hahn v. A.G. Becker Paribas, Inc.* (1987), 164 Ill. App. 3d 660, 672, 518 N.E.2d 218.) Whether a court's discretion has been abused "in denying a party's motion to reconsider is tested by considering whether the refusal violated the moving party's right to fundamental justice and manifested an improper application of discretion." (*In re Marriage of Wilson* (1990), 193 Ill. App. 3d 473, 478, 549 N.E.2d 1348.) Similarly, a court has discretion to allow supplemental documents to be filed along with a motion for reconsideration. *In re Estate of Garbalinski* (1983), 120 Ill. App. 3d 767, 771, 458 N.E.2d 1065 (court abused its discretion in failing to consider list of documents and affidavits attached to motion to reconsider summary judgment where additional information had not been filed earlier due to failure of communication between attorneys).

■ Where a trial court erroneously believes it has no discretion or authority to perform some act, the appellate court should not preempt the exercise of such discretion, but should remand the cause back to the trial court. Where the court's "exercise of discretion has been frustrated by the application of an erroneous rule of law, review is required to permit the exercise in a manner 'consistent with the law.' " (*People v. Brockman* (1991), 143 Ill. 2d 351, 363-64, 574 N.E.2d 626, quoting *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 181 (remand required where the trial court was "laboring under a misapprehension of the law").) The appellate court must not usurp the trial court's function in exercising its discretion. *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 194, 520 N.E.2d 293 (cause remanded where trial court "acted under the misapprehension that it did not have discretion" to permit leave to amend complaint); *People v. Bryant* (1988), 176 Ill. App. 3d 809, 812-13, 531 N.E.2d 849 (cause remanded where trial court was under the "erroneous belief that it lacked discretion to grant the jury's request" to review the trial transcript).

In initially denying the petition to intervene, the trial court apparently believed, under *Knobloch v. Peoria & Pekin Union Ry. Co.* (1983), 118 Ill. App. 3d 205, 454 N.E.2d 1083, that paternity had to be first proved. The court raised the issue of paternity *sua sponte*. Thus, the trial court denied petitioners' request to intervene on the sole basis that petitioners had not established paternity. The court de-

nied the petition by distinguishing it from *Knobloch v. Peoria & Pekin Union Ry. Co.*:

> "The sole distinction I see in this case, in the [*Knobloch*] case you have cited, the [*Knobloch*] case went one step further which [petitioners] have not yet done. The fact [is] that *** in the [*Knobloch*] case *** the paternity was established by the probate court. You haven't done that. *** So your petition to intervene is denied on the basis of the very case you submitted."

At the hearing on the motion for reconsideration, the court again expressed this concern, while maintaining that it had no jurisdiction to consider anything outside of the petition itself. The court stated: "You never established to the court, declared these to be the children of Henry Greer, deceased."

The motion for reconsideration responds to the court's concern directly by attaching court orders, including the order of heirship filed by plaintiff, establishing the paternity of petitioners. Here, it would be fundamentally unfair to petitioners to have the trial court raise the undisputed issue of paternity, refuse to exercise its discretion regarding the petition to intervene without proof of paternity, despite the order showing paternity having been filed seven months earlier, and then refuse to hear proof of paternity.

We note that plaintiff conceded at oral argument that she did not contest petitioners' paternity. Her brief, however, argues that petitioners "never proved paternity *** [and] [w]hile [plaintiff] does not contest it at this time, *there still remains the undeniable absence of its proof before the trial court.*" (Emphasis added.) Moreover, it is clear that the trial judge did not acknowledge that there was sufficient proof of paternity.

Plaintiff argues that even if the trial court would have accepted the proof of paternity and gone on to exercise its discretion regarding the petition to intervene, the court would necessarily have determined that no intervention was appropriate.

■ As decedent's next of kin, petitioners will certainly be bound by any order of judgment in the wrongful death action. We acknowledge that it was plaintiff's former counsel, not her current counsel, who made the offer to allow Hatley to remain as administrator if she would guarantee 50% of the judgment to the adult Greer children. It may be in plaintiff's best interests to include the losses suffered by petitioners, the decedent's only minor children, in her evidence in the wrongful death case. Nevertheless, the trial court is the proper tribunal for making the initial determination regarding the propriety of the

petition to intervene, a determination never reached by the trial court because it believed that paternity had never been established.

We cannot agree with plaintiff's argument that the trial court's refusal to hear the motion was "harmless error." We cannot say that, had the trial court entertained the motion for reconsideration and *permitted* intervention, we would have been compelled to reverse the decision on the basis of an abuse of the trial court's discretion.

In balancing the factors relevant to the exercise of its discretion, and in determining what—if any—additional evidence it may choose to consider, the trial court may well be free to conclude that petitioners' interests would best be served by permitting them to have an official presence, either through intervention as of right or through permissive intervention, as plaintiffs in the wrongful death action such that they will be certain to receive notice of all related proceedings and offer their cooperation and assistance in the most efficient manner. Intervention has been permitted in cases involving factual circumstances somewhat analogous to those in the present case. (See, *e.g., Johnson v. Village of Libertyville* (1986), 150 Ill. App. 3d 971, 502 N.E.2d 474; *Knobloch v. Peoria & Pekin Union Ry. Co.* (1983), 118 Ill. App. 3d 205, 454 N.E.2d 1083.) We also note that a different circuit court judge had previously permitted the minor Brian Taylor to intervene in Hatley's wrongful death action.

■ However, although we have considered and evaluated the pivotal issues raised by the parties, we find that we are precluded from disposing of this appeal on its merits because our own jurisdiction under Rule 304(a) has not been adequately established.

Although neither of the parties raised any challenge to our jurisdiction under Rule 304(a), we have a duty, *sua sponte*, to consider our jurisdiction and to dismiss an appeal if jurisdiction is wanting. *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 490 N.E.2d 1252.

Upon our review of the record, we note that the order denying petitioners' petition to intervene, which was written by plaintiff's counsel, merely states:

"[T]his order is final and appealable pursuant to Supreme Court Rule 304(a)."

Although there has been some debate regarding the extent to which the precise language of Rule 304(a) must be followed, and several dissenting opinions have vigorously argued that the rule should be liberally construed, that is not the holding of this division. We have previously held that this language is insufficient to confer jurisdiction upon the appellate court. We held that Rule 304(a) requires "an ex-

press written finding" of both enforceability and appealability. *Hamer v. Lentz* (1st Dist., 5th Div. 1987), 155 Ill. App. 3d 692, 694-95, 508 N.E.2d 324 (no jurisdiction where trial court order states: "This is a final and appealable order").

Accord *Hopkins v. Illinois Masonic Medical Center* (1st Dist., 4th Div., 1991), 211 Ill. App. 3d 652, 653, 570 N.E.2d 575 ("[t]his order of dismissal is Final and Appealable") (with one justice dissenting), *appeal denied* (1991), 141 Ill. 2d 541; *Arachnid, Inc. v. Beall* (2d Dist. 1991), 210 Ill. App. 3d 1096, 1101, 569 N.E.2d 1273 ("a final judgment *** there being no just reason for delaying appeal"); *Pettie v. Williams Brothers Construction, Inc.* (2d Dist. 1991), 216 Ill. App. 3d 801, 803, 576 N.E.2d 424 ("[p]ursuant to *** Rule 304(a), there is no just reason for delaying appeal of this order") (with one justice dissenting); *Lurz v. Panek* (2d Dist. 1988), 166 Ill. App. 3d 179, 181, 519 N.E.2d 1110 ("final and appealable"); *Rauscher v. Albert* (5th Dist. 1985), 138 Ill. App. 3d 799, 804, 485 N.E.2d 1362 (this order is a final order).

Contra *Cwiertnia v. Zaborowski* (1st Dist., 3d Div., 1989), 192 Ill. App. 3d 841, 845, 549 N.E.2d 655 (language sufficiently "demonstrated the intent to permit appeal"); *Kucharski v. Floro* (1st Dist., 3d Div., 1989), 191 Ill. App. 3d 1032, 1033, 548 N.E.2d 483 (exact language of 304(a) not necessary; "final and appealable *** pursuant to Rule 304(a)" is sufficient; to rule otherwise would be a "triumph of form over substance"); *Lawyers Title Insurance Corp. v. Kneller* (3d Dist. 1988), 172 Ill. App. 3d 210, 213, 525 N.E.2d 1155 (an order can "constructively" fulfill "the technical language requirement" of Rule 304(a)) (with one justice dissenting).

The order in this case is indistinguishable from the order in *Hamer*, and thus we are compelled to dismiss the appeal for want of jurisdiction.

We note that since the language of the Rule 304(a) finding contained in the trial court order is insufficient to invest us with appellate jurisdiction, it goes without saying that the finding could not divest the trial court of its jurisdiction even were we otherwise to adopt plaintiff's contentions in that regard.

Thus, the result of our dismissal for lack of appellate court jurisdiction coincides with what would have resulted if we had accepted jurisdiction and reversed and remanded after finding the trial court had jurisdiction to consider the post-judgment motion, as discussed above. Even if the required Rule 304(a) language had been included in the court order, the result would be the same, *i.e.*, we would be compelled

to remand the case for consideration of petitioners' motion to reconsider and the attached documentation of paternity.

For the above reasons, the appeal is dismissed.

Appeal dismissed.

LORENZ, P.J., and MURRAY, J., concur.